Filed 1/28/22  Shenefield v. Kovtun CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JENNIFER SHENEFIELD, | D078616 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2018-00052009-CU-PO-CTL) |
| KAROLYN KOVTUN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Philip L. Gagnon for Defendant and Appellant.

The Cabrera Firm, Guillermo Cabrera; Justice Legal Network and Casey Gwinn for Plaintiff and Respondent.

## INTRODUCTION

Jennifer Shenefield attended a meeting in Karolyn Kovtun's office, where Jennifer's husband Mark Shenefield[1] was also present.  Jennifer had a domestic violence restraining order (DVRO) against Mark, and Kovtun, who

---

[1]     Because the Shenefields share a surname, we refer to them by first name for clarity.

was Mark's attorney, was aware of it. The meeting lasted more than an hour, and Jennifer recorded most of it without Mark or Kovtun's knowledge. Jennifer reported Kovtun's behavior at the meeting to the State Bar, which investigated and closed the matter. Several months later, Kovtun sued Jennifer in small claims court for invasion of privacy for recording the meeting. (Pen. Code, § 637.2, subd. (a)(1).) Jennifer cross-complained, alleging several causes of action that challenged the lawfulness of Kovtun's conduct at the meeting. Kovtun filed an anti-SLAPP motion (Code Civ. Proc., § 425.16), which the court denied. When Jennifer filed an amended complaint, Kovtun filed a second anti-SLAPP motion, which the trial court again denied.

Kovtun appeals the denial of the second anti-SLAPP motion. She contends the court improperly concluded Jennifer could show a probability of success on the merits. In her appeal, Kovtun raises many of the issues addressed by the court's order denying the first anti-SLAPP motion, including whether (1) the cross-complaint is compulsory and prevents Kovtun from filing an anti-SLAPP motion; (2) the recording and transcript of the conversation were properly admitted; (3) the litigation privilege applies to the totality of the meeting; (4) Kovtun had waived any statute of limitations defense; (5) the causes of action were barred by statutes of limitations; and (6) the negligent misrepresentation and misrepresentation causes of action stated causes of action upon which relief could not be granted.

We conclude the anti-SLAPP motion, which forms the basis of this appeal, was not timely, and we therefore will affirm the trial court's denial of that motion. Because we reach our conclusion on this threshold issue, we decline to address the remaining issues Kovtun raises in her appeal.

2

BACKGROUND AND PROCEDURAL FACTS

A. The Underlying Conduct[2]

Jennifer and Mark were married and share a child, A.S. On June 13, 2017, a court entered a five-year protective order, naming Jennifer and A.S. among the protected parties. The order awarded Jennifer full custody of A.S. and provided no visitation for Mark. It also gave Jennifer permission to record communications made by Mark that violated the order.

On September 13, 2017, Mark, represented by Karolyn Kovtun, entered a guilty plea for battery on a spouse (Pen. Code, § 243, subd. (e)).

On September 28, 2017, Mark contacted Jennifer from Kovtun's office. Kovtun told Jennifer that if Jennifer did not attend a meeting there that day, Kovtun would file for full custody on behalf of Mark and remove A.S. from Jennifer's custody and care. Jennifer attended the meeting. Mark did not speak during the first 10 minutes of the meeting. He became enraged when Jennifer would not sign a stipulation for 50 percent custody. When Jennifer attempted to leave, Kovtun told her if she left, they would file for full custody and get it. At that point, Jennifer began recording the conversation.

Kovtun was present for the duration of the meeting and was Mark's attorney of record at the time the DVRO was entered. Mark screamed profanities, used aggressive language, and threatened to take full custody of A.S. Kovtun accused Jennifer of being a bad parent, told Jennifer she would have hit Jennifer if she were in Mark's place, and generally accosted Jennifer with screaming, aggressive language, and threats for more than an hour. At one point, another tenant asked the parties to quiet down.

_____

[2] We take the facts in this section from the second amended verified complaint.

Before leaving the meeting, Jennifer signed the stipulated child custody agreement, agreeing to share 50 percent physical custody with Mark. She included the initials "U.D." after her name to indicate she was signing under duress. After she left the meeting, she contacted the police.[3]

### B. The State Bar Complaint

On November 22, 2017, the State Bar of California sent Kovtun a letter indicating it had received a complaint from Jennifer about Kovtun's conduct during the meeting on September 28. On December 15, 2017, the State Bar sent Kovtun a letter stating it had concluded its investigation and determined the matter did not warrant further action. It was closing the matter without prejudice.

### C. The Small Claims Suit

On July 13, 2018, Kovtun filed a small claims complaint against Jennifer, seeking $5,000 in damages for invasion of privacy (Pen. Code, § 637.2, subd. (a)(1)) for recording Kovtun at her office during the September 28 meeting.[4] Trial was set for October 16, 2018.

### D. Jennifer's Complaint against Mark and Kovtun

On October 15, 2018, Jennifer filed a verified complaint against Mark and Kovtun in the unlimited civil division of superior court. The factual allegations regarding Kovtun related to the September 28, 2017 meeting. Jennifer appeared with counsel in small claims court October 16, 2018, and

---

[3]    On October 22, 2018, Mark admitted that, on September 28, 2017, he had unlawfully violated a court order that had been in place to prevent domestic violence and pled guilty to a misdemeanor count of violating a protective order (Pen. Code, § 166, subd. (c)(1)).

[4]    The small claims form lists the date of the recording as September 28, 2018. This appears to be a typographical error.

served Kovtun with the complaint.  The commissioner transferred the case to superior court, where the court consolidated the actions on its own motion.

E.  The First Anti-SLAPP Motion

On November 16, 2018, Kovtun filed an anti-SLAPP motion (Code Civ. Proc., § 425.16).  She argued (1) the cross-complaint was not compulsory and was therefore subject to the anti-SLAPP statute; and (2) the conduct giving rise to the causes of action in which she was named were all subject to the anti-SLAPP statute because they arose from a meeting to prepare a custody agreement to file with the court.  She also argued (3) the transcript and audio recording of the meeting were inadmissible evidence, and (4) Jennifer had no probability of success on the merits because Kovtun's conduct was protected by the litigation privilege.[5]

While the motion was pending, Jennifer filed a first amended verified complaint (FAVC).  The FAVC modified one fact, who initially phoned Jennifer to invite her to the meeting.  The FAVC alleged nine causes of action against Kovtun:  a Ralph Act violation, negligence, professional negligence, intentional infliction of emotional distress, false imprisonment, intentional misrepresentation, negligent misrepresentation, witness intimidation, and abuse of process.  In the causes of action for negligence, professional negligence, and intentional misrepresentation, the FAVC referenced Kovtun as "Attorney Kovtun" and an "officer of the court," and it alleged Kovtun had violated "affirmative duty" she had as an officer of the court.

The court denied Kovtun's anti-SLAPP motion.  It ruled the transcript and recording were admissible because a domestic violence victim can record conversations with the restrained party.  It also concluded the meeting was

---

[5]    Kovtun did not offer any other reason why Jennifer would not prevail on the merits.

not a confidential communication because it was not a formal mediation. It found that because the cross-complaint was compulsory, it could not be subject to an anti-SLAPP motion, and it ruled that the litigation privilege did not protect the type of activity complained of here. Finally, it concluded that challenges to the merits of the individual causes of action would more appropriately be addressed by demurrers.

Kovtun appealed, but she never filed an opening brief, and the appeal was dismissed.

### F. The Second Anti-SLAPP Motion

In September 2020, Kovtun's attorney alerted Jennifer's attorney to a one-year statute of limitations for complaints arising from an attorney's professional duties and services, Code of Civil Procedure, section 340.6. In response, Jennifer filed a second amended verified complaint (SAVC) that omitted the causes of action specific to Kovtun's professional duties and adjusted some of the other causes of action to remove references to any special duties attributable to Kovtun's responsibilities as an attorney. It alleges six causes of action against Kovtun: violation of the Ralph Act, negligence, intentional infliction of emotional distress, false imprisonment, intentional misrepresentation, and negligent misrepresentation. It also eliminated references to Kovtun as "Attorney Kovtun" and deleted references to special duties arising from Kovtun's profession as an attorney.

Kovtun filed a second anti-SLAPP motion. Kovtun's only substantive argument was that there was no probability of success because the statute of limitations under Code of Civil Procedure section 340.6 barred the claims.

The court denied the second anti-SLAPP motion. It concluded the FAVC and SAVC pleaded the same underlying facts and causes of action, making the anti-SLAPP motion untimely. It also incorporated its reasoning

6

from the earlier anti-SLAPP ruling. And it explained that Code of Civil Procedure section 340.6 is a defense that should be raised at the proper time and in the proper manner. It further noted Code of Civil Procedure section 340.6 does not bar the claims at issue because none of the causes of action required a professional obligation and a couple were based in fraud.

Kovtun timely appealed.

## DISCUSSION

The anti-SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United State Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Code Civ. Proc., § 425.16, subd. (b)(1).)

We review the denial of an anti-SLAPP motion de novo. (*Sweetwater Union High School Dist. v. Gilbane Building Co*. (2019) 6 Cal.5th 931, 940; *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.) Although we typically conduct a two-step analysis when ruling on a special motion to strike under the anti-SLAPP statutory framework (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67), before we reach that analysis, we start with the threshold issue of whether the second anti-SLAPP was timely.

An anti-SLAPP motion is to be filed within 60 days of service of the complaint or upon a later time deemed proper in the court's discretion. (Code Civ. Proc., § 425.16, subd. (f).) An amended complaint reopens the time to file an anti-SLAPP motion when the amended complaint raises new causes of action. (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*

7

(2018) 4 Cal.5th 637, 645-646 (*Newport Harbor*).)  But "[b]y its terms, the anti-SLAPP statute is directed at striking *causes of action,* not merely factual allegations.  [Citation.]" (*Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203, 209 (*Starview*).)  Code of Civil Procedure section 425.16 does not permit an anti-SLAPP motion that could have been brought earlier. (*Starview*, at p. 211.)  Thus, to evaluate whether an anti-SLAPP motion can be brought against an amended complaint, courts ask whether the amended complaint pleads causes of action that could not have been addressed by an earlier anti-SLAPP motion or adds new allegations that make the previously pleaded causes of action subject to such a motion. (*Ibid.*)

Both the FAVC and SAVC allege the same basic course of events: Mark contacted Jennifer from Kovtun's office.  Kovtun told Jennifer that if she did not attend the meeting in her office, Mark would file for 100 percent custody of their child.  Once at Kovtun's office, Mark did not speak for the first 10 minutes, and Jennifer did not record that portion of the conversation. Jennifer refused to sign the custody agreement, Mark became enraged, and when Jennifer attempted to leave, Kovtun told Jennifer if she left, Mark would successfully file for 100 percent custody.  Kovtun called Jennifer a bad mother, threatened to take away A.S. from her custody, and told Jennifer that if Kovtun were in Mark's shoes, Kovtun would have hit Jennifer, too. Kovtun participated in the meeting, even though she knew Jennifer had a valid DVRO against Mark, and Kovtun screamed at Jennifer and used aggressive language and custody-related threats for over an hour.  Kovtun and Mark were so loud, a neighboring tenant asked them to quiet down. After 90 minutes, Jennifer signed a document agreeing to share 50 percent custody of A.S. with Mark next to the initials "U.D." to signify she had done so "under duress," and she contacted police.  This series of events forms the

basis for each cause of action against Kovtun and is unchanged between the first and second amended complaints.

The SAVC alleges six causes of action against Kovtun: violation of the Ralph Act,, negligence, intentional infliction of emotional distress, false imprisonment, intentional misrepresentation, and negligent misrepresentation. These same six causes of action against Kovtun appear in the FAVC. We recognize some of the allegations included within the causes of action have been eliminated or modified in the SAVC. For example, in the FAVC negligence cause of action, Jennifer alleged Kovtun held special duties as a licensed attorney, which she breached by inviting a protected party into the same space as a restrained party and by not restraining Mark. In the SAVC, Jennifer alleged Kovtun violated a general duty of care by inviting a protected party into the same space as a restrained party and by not restraining Mark. However, we note that while the theory behind the alleged duty and breach is different, the conduct and the elements alleged remain unchanged.

The issue for timeliness is whether an amended complaint " ' "pleads new causes of action that could not have been the target of a prior anti-SLAPP motion, or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion." ' [Citation]." (*Starview*, *supra*, 41 Cal.App.5th at p. 211, citing *Newport Harbor*, *supra*, 4 Cal.5th at p. 641.) Kovtun's anti-SLAPP motion relies on a statute of limitations argument that was available when she filed the initial anti-SLAPP motion. And the FAVC much more obviously triggered the issue; Jennifer included three causes of action directed at Kovtun's professional responsibilities, and the complaint repeatedly referred to Kovtun as an attorney. Given Kovtun's perspective that the SAVC, like the FAVC, is based on her professional responsibilities, it

9

seems insincere to argue that changes to the SAVC give rise to a new basis for an anti-SLAPP motion. Because the SAVC does not raise new causes of action, we will affirm the order denying the anti-SLAPP motion as untimely.

Kovtun offers a myriad of reasons why the court should have granted the second anti-SLAPP motion in her appeal. However, none of these can overcome the procedural limitation. Accordingly, we decline to address them.

## DISPOSITION

The judgment is affirmed. Parties to bear their own costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

GUERRERO, J.